## EYRE *against* GOLDING.

*Philadelphia,*
*Saturday,*
*April 3.*

IN ERROR.

The testator be-queathed to his daughter *R*, the interest of 400*l.* to be paid her *annually* during her natural life. *Held*, that the first payment was to be made at the end of the first year from the testator's death.

THIS was an action of debt in the Common Pleas of *Philadelphia* county, to recover the sum of 74 dollars 66 cents, being one year's interest at seven per cent. upon the sum of 400*l.*, the interest of which was bequeathed to the wife of *Golding*, the plaintiff below, by her father *Joseph Kay.*

There is a difference between a legacy of a sum of money to one for term of life, and a bequest of a sum to be paid annually for life. In the former case, the legacy, not being payable till the end of a year from the testator's death, carries no interest for that year. But in the latter, the first payment of the annuity, must be made at the end of the first year, or the legatee will not receive the annuity annually during his life.

Upon the trial of the cause, the plaintiff proved that *Joseph Kay* died on the 12th of *December*, 1806; that he had before made his last will, dated the 21st of *February*, 1805, in *New Jersey*, which was duly proved there, and in which was contained *inter alia* the following bequest, " *I give and* " *bequeath unto my daughter Rachel, the interest of* 400*l.*, *to* " *be paid her annually during her natural life*, *and at her de-* " *cease, I give the same* 400*l. equally between all her children;*" that the plaintiff duly filed a refunding bond; that the defendant was executor and had assets; that the plaintiff was the husband of the legatee; and that the rate of interest in *New Jersey* was seven per cent. To this evidence the defendant demurred, and judgment was given upon the demurrer, for the plaintiff. The only question was whether the legatee was entitled to the interest at the end of the first year from the testator's death.

The testator by his will gave to his daughter *Elizabeth* 400*l.*, to her two children *Maria* and *Sarah*, 100*l.* a piece, to his grand-daughter *Ann* 300*l.*, to his son *Charles* 200*l.*, and directed " that the several foregoing legacies given to his " children and grand-children *in their minority*. should be " placed out at interest *at the end of one year from his de-* " *cease*, and be paid to them with the interest thereon arising " as they attained to age, that is to say, the females at " eighteen, and the males at twenty-one."

*W. Smith* and *Hallowell* for the plaintiff in error. No interest was due for the first year from the testator's death. The general rule is unquestionably so, where no time is appointed for the payment of the legacy. *Toller on Ex.* 245. 252., *Griffith's Just.* 194., 4 *Bac.* 435, *Legacy, H.* 3. There are it is true, several exceptions to the rule, but none which embrace this case. As where the legacy is charged on land, or other fund yielding profits or interest. 4 *Bac.* 439. *Legacy, H.* 3. Where it is from a father to a child under twenty-one, who has no other maintenance. 4 *Bac.* 436, *Legacy, K.* 3. *Beckford* v. *Tobin* (a). But here the legatee was married, and it does not appear that she wanted any other maintenance than her husband was able to give her. That it was to be paid annually, is no more than if the in-

1813.

EYRE
*v.*
GOLDING.

(a) 1 *Ves.* 310.

1813.

EYRE
v.
GOLDING.

terest of the sum had been given for life, in which case the law would have given it annually. The time of the first payment is undetermined, and the general rule must settle it. Other bequests in the will have a strong bearing upon the question of intention. The other children and grand children are clearly excluded from interest during the first year, those who are of age, because the general rule excludes them, those under age, because the testator expressly excludes them. He could not have intended to make a distinction as to the interest in favour of *Rachel*, who seems to have been less an object of bounty than the others.

*Shoemaker* for the defendant in error. The question depends upon the nature of the legacy; and upon the same principle that when the time of payment is fixed, interest runs from that time, *Smell* v. *Dee* (a), interest is in this case due for the first year. It is to be paid *annually* during her life, which cannot be unless it is paid the first year. It comes also within the rule of provisions for children, which always bear interest from the death of the testator. *Green* v. *Belchier* (b), *Churchill* v. *Lady Speake* (c), *Heath* v. *Perry* (d). That it was intended as a provision is plain, because not the principal, but the income was given; and according to the opposite argument, the legatee might have lived any time short of two years, without deriving any benefit from the bequest. The other legacies shed no light upon the question. They are legacies of a principal sum, and the interest of such of the legatees as were minors, was to be paid only at eighteen or twenty-one. This argument therefore proves too much. It is carrying the matter too far, to argue that because the testator put *Rachel* upon a worse footing as to the principal, he intended to put her on the same footing as to interest. The fair conclusion is that he intended to put her upon a better.

TILGHMAN C. J. *Joseph Kay*, deceased, by his last will and testament, dated the 1st of *February* 1805, bequeathed to his daughter *Rachel*, (wife of *Golding* the plaintiff below and defendant in error,) " the interest of 400*l.*, to be paid " her annually, during her natural life," and at her decease, the said 400*l.* was to be equally divided between all her chil-

(a) 2 *Salk.* 415.     (b) 1 *Atk.* 507.     (c) 1 *Vern.* 251.     (d) 3 *Atk.* 102.

dren. This action was brought for the recovery of the interest of 400l. for one year, immediately succeeding the death of the testator. The executor contends that no interest is due for the first year. Whether it is or not, is the question. In general, where a legacy is given and no time of payment mentioned, it is not payable till the end of a year from the death of the testator, nor does it carry interest. But this rule is liable to exceptions. Where the legacy is to a child not otherwise provided for, interest is allowed from the testator's death. It is contended on the part of the executor, that the exception is confined to *infant children*, or at most to children who live in the father's family and have no support independent of the legacy, and cannot be extended to a married woman, who is maintained by her husband. I do not think it necessary to define the precise extent of the exception in favor of children, because it is applicable only to cases where no time of payment is prescribed by the will, or where the time prescribed is at some distance from the death of the testator. The devise in the present instance is not of a gross sum, but in nature of an annuity. There is a difference between a legacy of a sum of money to one for term of life, and a bequest of a sum to be paid *annually* for life. In the former case, the legacy not being payable till the end of a year from the testator's death, carries no interest for that year. But in the latter, the first payment of the annuity must be made at the end of the first year, or the intention of the testator is not complied with. You must count the time immediately from his death, or the legatee will not receive the annuity *annually during her life.* Suppose she should live eighteen months, and then die; according to the construction of the executor, she would not receive one farthing. How then can she be said to have received the interest of 400l. *annually during her life.* I have never had the least doubt on the construction of this will, judging from its words abstracted from authority. None of the cases cited in the argument, bear directly on the point. But in 2 *Roper on Legacies* 172, I find the law laid down precisely according to the construction which I think right. The distinction is taken between a general legacy, and the bequest of a sum of money to be paid annually; in the latter of which cases it is said, that " the " first payment is to be made at the end of the first year from " the testator's death, because it commences immediately on

1813.

EYRE
v.
GOLDING.

" the happening of that event." But it has been argued for the executor, that other parts of the will throw light on the bequest to the plaintiff's wife, and the intention of the testator is to be drawn from the whole will. The parts alluded to, are those by which pecuniary legacies are given to the testator's other children and grand children, on which interest is not to commence in less than a year from his death. But it does not appear to me that any inference can be drawn from these legacies. The testator has made a distinction between Mrs. *Golding* and his other children. Probably she or her husband had offended him; because to all the rest he gives a *principal* sum, but to her he only gives the *interest* of 400*l.* for her life, and the principal after her death to her children. But what is of more importance, all the rest are otherwise provided for by the will, and therefore it seems hard to say, that the father could not have intended to give Mrs. *Golding* the small sum of 28*l.* for the first year after his death, because the legacies of the others bear no interest that year. On the contrary, I should think it more reasonable to suppose, that in that trifling point he meant to give her a preference, having made so much less a provision for her upon the whole. Judging then not only from the expressions in the bequest to Mrs. *Golding*, but from the intent of the testator to be collected from the whole will, I am of opinion, that the first payment of the interest on 400*l.* was to be made at the end of a year from the death of the testator. The judgment should therefore be affirmed.

YEATES J. was unwell, and gave no opinion.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment affirmed.