SARAH L. COOK, AN INFANT, &c., RESPONDENT, v. SAM-
UEL M. MEEKER & WILLIAM CONSELYEA, APPEL-
LANTS.

*Legacies— When payable—Interest and Income—Begin when.*

Where a legacy is given with directions that interest and income be
applied to use of legatee, the legatee is entitled to interest from death of
testator.

*J. H. Reynolds* for Appellants.

*S. C. Pinckney* for Respondent.

DAVIES, CH.J.—The Appellants were constituted the executors
of the last will and testament of Joseph Conselyea, deceased, and
separate trustees of certain sums given in and by the will for the
use of certain beneficiaries therein named.

By the fifth clause of his will the testator gave and bequeathed
to his son William Conselyea, one of the Appellants, the sum of
$5,000 upon trust to invest the same upon bond and mortgage,
and apply the interest and income thereof to the use of his grand-
son Joseph Cook during his natural life.

By the sixth clause of the will, the testator gave and bequeathed
to the Appellant Meeker, the sum of $3,000 upon trust to invest
the same on bond and mortgage, and apply the interest and
income thereof to the use of his granddaughter Anna Cook
during her natural life. And by the seventh clause of the
will the testator gave and bequeathed the further sum of $3,000
upon trust to invest the same on bond and mortgage, and apply
the interest and income thereof to the use of his granddaughter
Sarah Cook, the Plaintiff herein, during her natural life.

The testator declared in and by his will that in case any claim
or demand should be presented and allowed against his estate in
favor of Dr. Chauncey L. Cook, that the same should be paid
ratably out of the principal of the several sums given and
bequeathed to the said Conselyea and Meeker respectively, in
trust for the use, benefit, and behoof of the children of the said
Chauncey L. Cook. All the rest, residue, and remainder of his
estate, real and personal, he gave to his son William Conselyea.

He authorized and empowered his executors to pay and discharge the several legacies and bequests made in his will, or any or either of them, by transferring and delivering to the several legatees such bonds and mortgages belonging to his estate, to be selected by his executors, as might amount either severally or collectively to the legacy paid off.

In addition, the following facts were found by the Court which tried the case without a jury: That the testator died on the 10th of October, 1856, and that letters testamentary were issued to the Defendants on the 20th of December in that year. That the testator left bonds and mortgages amounting to the sum of $39,121, and that they were drawing interest at the time of the testator's death. That the amount of the legacies and bequests was $21,000 given by the will. That there were no debts against the estate except the demand of Dr. Cook, mentioned in the will. That the estate was ample to pay all legacies. That there was a large real and personal estate drawing interest. That the executors took possession and control of said estate from the time of the testator's death. That the lands and mortgages set apart for the payment of these bequests were part of the estate left by the said testator, and were drawing interest at and from the time of the testator's death. That on the 3d day of June, 1857, Dr. Cook presented to the executors a claim against the testator, duly verified, amounting to $426, which was afterward allowed by them, and paid to him on the 19th of December, 1857. That by the terms of the will three-sevenths of this claim, amounting to the sum of $116.18, was directed to be paid out of the principal sum of $3,000 bequeathed to the use of the Plaintiff.

That on the 19th of December, 1857, the Defendant Meeker received from the executors, for the use of the Plaintiff and her sister Ann for life, the sum of $5,767.64, of which $5,691 was in mortgages and $76.64 in cash.

The Plaintiff claimed the interest on said sum of $3,000 from the time of the death of the testator, and the Defendants insisted that she was only entitled to the interest and income thereof from the 19th day of December, 1857.

The Judge at Special Term held that the money bequeathed to the use of the Plaintiff was a legacy, and was not payable until the expiration of one year from the granting of letters testamentary, and that the Plaintiff was not entitled to interest therein prior to December 20, 1867. Judgment was entered dismissing the complaint, and an appeal to the General Term reversed the judgment and ordered a new trial. From this order the Defendants have appealed to this Court, and stipulated that if the order appealed from is affirmed, that judgment absolute shall be rendered against them.

There does not appear to be much difficulty in adjusting the rights of the parties, and the Defendants would have been held blameless if they had acquiesced in the judgment of the General Term of the Supreme Court, that the Plaintiff was entitled to the income of the same, set apart by the testator for her support and maintenance, from the time of the death of the testator. The amount in controversy hardly justified them in subjecting the Plaintiff, or the estate they represent, to the delay and expense of an appeal to this Court

A bare reading of the will shows that the testator had two classes of beneficiaries in his mind : one to whom he intended to give absolute legacies, and the other those for whose support and maintenance he intended to provide a fund, for which purpose the interest and income thereof were to be applied. In the former class was the bequest of the sum of $6,000 to his wife, the sum of $2,000 each to the two children of his son William, the sum of $3,000 each to his two grandchildren Anna L. Baker and Micajah R. Pinckney. In the latter class is the bequest of the sum of $4,000, the interest and income of which was to be paid to his wife during her natural life ; the sum of $5,000, the interest and income of which was to be paid to his daughter married, during her natural life ; the sum of $5,000, the interest and income of which was to be applied to the use of his grandson Joseph Cook during his natural life ; the sum of $3,000, the interest and income of which was to be applied to the use of his granddaughter Anna Cook during her natural life ; and the sum of $3,000, the interest

.and income of which was to be .applied to the. use of his grand-
daughter Sarah. Cook, the Plaintiff, during her natural life.

By the provision of the Revised Statutes, no legacies are to be
paid until after the expiration of one year from- the .time of grant-
ing letters testamentary, unless the. same. are directed by the wil.
to be, sooner paid (2 R. S. p. 90, § 43). · This is an affirmance of the
doctrine of the common law, and has not changed the rule as to
the time when interest on legacies begins to run (3 Brad. Rep. 364).

At common law, the general rule is that interest upon a legacy
is payable only at the expiration of a year from the testator's death
(Toller on Ex. 324 ; Bradner v. Faulkner, 12 N. Y. R. 472).
If, however, an *annuity* be given, or if by implication from the
terms of the instrument the legacy be given for maintenance
and support, it shall commence immediately from the death of
the testator, and consequently the first payment shall be made
at the expiration of the year next after .that event .(Toller on Ex.
324; Bradner v. Faulkner,· *ubi supra ;* 6 Vesey, 539 ; 6 Paige,
300).· A learned author on the duties of executors (2 Williams
on Ex. 1288) says : This rule as to the payment of interest is
subject to an exception; in, case where the. testator being a pa-
rent, or stands *in loco parentis* to the legatee : citing Acherly v.
Vernon (1 P. Wms. 783); Hill v. Hill (3 V. & B. 183); Miles v.
Robarts (1 Russ.& M. 555) ; Leslie v. Leslie (Cas. temp. Sugd. 4).
Rogers v. Soutten (2 Keen, 508) ; Wilson v. Maddison (2 Y. &
C. Ch. C. 372); Russell v. Dickson (Dr. & W. 133).·· For then,
whether the legacy be vested or contingent, if the legatee be
not an adult, interest on .the legacy shall be assumed as a main-
tenance from the time of the death of the testator, if there is no
other provision for that purpose (Harvey v. Harvey, 2 P. Wms.
21 ; Incledon v. Northcote, 3 Atk. 438; Chambers v. Godwin,
11 Ves. 2; Brown v. Temperley, 3 Russ. Ch. Cases, 263); and
even though the will should contain an express direction that the
interest should accumulate (Mole v. .Mole, 1 Dick.. 310 ; M'Der-
mott v. Kealey, 3 Russ. Ch. Cases, 264, note ; Wynch v. Wynch,
1 Cox, 433 ; Donovan' v. Needham, 9 Beavan, 164; Rudge v.
Winnall, 12 Beavan, 357 ; *In re* Rouse's estate, 9 Hare,.649). In

Miles v. Robarts (supra) the testator gave legacies to be paid to two minor children provided they attained the age of twenty-one years, and the question was whether they were entitled to interest on their legacies of $10,000 each for their maintenance and education during their minorities; and he also gave a legacy to one George Francis Stuart, a minor, for his sole use and disposal provided he attains the age of twenty-one.

The Master of the Rolls said the testator appoints two gentlemen to be trustees and guardians of these children, and requests them to attend to their education; and the case of Branstrom v. Wilkinson is an authority directly in point, that they are entitled to the interest of the sums given to them until they attain the age of twenty-one, or die under that age. The same principles apply to the legacy to George Francis Stuart.

This is a strong case, showing the extent to which the Court of Chancery in England has carried the doctrine of applying the income or interest of a legacy payable at a future period, given to a minor for his maintenance and education, even before the time arrives when the legacy is payable.

The weight of authority, undoubtedly, now is in favor of allowing the payment of annuities or incomes to commence at the testator's death. The Chancellor assumes this in Craig v. Craig (3 Barb. Ch. 76), referring to Gibson v. Bolt (7 Ves. 96); Fearnes v. Young (9 Ib. 553); Rebecca Owing's Case (1 Bland. Ch. Rep. 296). The case of Angerstein v. Martin (Turn. & Russ. Rep. 232) came before Lord Eldon in 1823. The testator in that case devised his freehold estates to J. Angerstein for life, with remainder to his children in strict settlements; and as to his residuary personal estate he bequeathed the same to trustees, to be invested in the purchase of lands, to be settled in the same manner, with authority to invest the funds in stocks, &c., until the estates could be purchased, the interest or income to go to the same person or persons to whom the rents of the estate would go if the purchase had been made. The tenant for life filed his bill within the year after the testator's death, for the purpose of having the question decided whether he was entitled to the annual interest of the clear residue

of the personal estate from the testator's death, or whether the amount of such interest for the first year was to form a part of the capital of the general residue, and which was to be added to the same, and invested; and, upon a review of all the previous cases, it was decided that the interest from the death of the testator belonged to the tenants for life, and was not to be added to the residue for the benefit of those who were entitled to the estates in remainder in the property to be purchased. And in the case of Hewitt v. Morris, which came before Lord Eldon a few months afterwards (Turn. & Russ. Rep. 241), the testator directed his executors to invest the residue of his estate, after payment of debts and legacies, in the funds or upon securities, the interest to be paid to A. for life, and after his death the principal to be held upon trust for his children.

The tenant for life was held to be entitled to interest accruing within the year next after the testator's death, upon funds in which the testator's property stood invested at the time of his death, and which were not required for the payment of debts and legacies.

And it is to be observed that, in each of these cases, the interest and income were decreed to commence before the exact amount of principal fund was ascertained. See also Beckford v. Tobin (1 Ves. 308); Hill v. Hill (3 Vesey and Beames, 183).

Chancellor Walworth in Williamson v. Williamson (6 Paige, 304), after a citation and review of the authenticity, observes that "the result of the English cases appears to be, and I have not been able to find any in this country establishing a different principle, that in the bequest of a life estate in a residuary fund, and where no time is prescribed in the will for the commencement of the interest or the enjoyment of the use or income of such residue, the legatee is entitled to the interest or income of the clear residue, *as afterwards ascertained*, to be computed from the time of the death of the testator. All the cases which appear to conflict with this rule, except the two decided by Sir John Leach, which are no longer to be considered as authority, will be found to be cases in which the testator had directed one species

of property to be converted into another, or the residue of any fund to be invested in a particular manner, and had then given a life estate in the funds as thus converted or invested. In such cases it appears to be consistent with the will of the testator to consider the life interest as commencing when the conversion takes place, or the investment is made, either within the year or at the expiration of that time. But as a year is considered a reasonable time for the executor to comply with the testator's directions as to the conversion or investment, the legatee for life cannot be kept out of the interest or income beyond that period. In the case made considerative, there is no direction for the investment thereof in any particular manner before the right of the widow to the use thereof for life was to commence; and as it appeared that a great portion of the personal estate was in bonds and mortgages and other securities, which were drawing interest at the death of the testator, there is no good reason for depriving the widow of the use of the residuary estate for an entire year." These remarks apply with peculiar force to the case now made considerative. There then is no direction for a conversion, but a direction in effect to transfer the bonds and mortgages of the testators, to the amount of the several bequests, in satisfaction of them. These securities were all bearing interest, and it is manifest that it was the intent of the testator that these several beneficiaries should have the interest and income of the amount separate for them, for their maintenance and education. And the fact that the precise amount of the funds was not ascertained until the expiration of a year from the death of the testator, furnishes no reason why the interest therein should not be paid to the beneficiary before that time. In re Williams (12 Legal Observer, 179) the Surrogate of Kings County allowed interest to an adopted daughter of the testator, on a sum of $5,000 directed to be invested, and the interests to be paid to her during life on the proportionate share of her legacy from the death of the testator, but he refused to allow interest from the same period to the widow of the testator, upon a legacy to be invested and the interest thereof

paid to her. In the matter of Fish's estate (19 Abbt. Pr. Rep. 209), the Surrogate of New York in 1865 decided :

That annuities, or incomes, and interests upon sums directed to be invested upon trust to pay over interest or income, commence to run from the death of the testator.

The case of Hilyard estate (5 Watts & Sergt. 30) is quite in point. There the bequest was to the executors in trust to put at interest a certain sum, and apply the interest and income thereof to the sister of the testator. The court held that she was entitled to the interest upon the sum so held in trust during the first year from the death of the testator. It is a significant fact, that the statute laws of Pennsylvania, in relation to the payment of legacies, conform to that of this State directing their payment at the expiration of a year from the death of the testator. See, also, for the same doctrine, Eyre *v.* Golding (5 Binn., 472).

The authorities would seem abundant, therefore, to sustain the doctrine, that where a sum is left in trust, with a direction that the interest and income should be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator's death. Especially is this so when, as in the will under consideration, it appears clearly to have been the intent of the testator that the legacy should be paid by a transfer of bonds and mortgages bearing interest at the time of his death. All the authorities and dicta concur, that under such circumstances the accruing interest upon the securities, from the time of the death of the testator, should go for the use and maintenance of the beneficiary. It follows from these considerations that the order of the General Term granting a new trial should be affirmed with costs, and in pursuance of the Defendants' stipulation, judgment absolute should be rendered for the Plaintiff, and the Supreme Court is directed to ascertain the amount due to the Plaintiff on the principles of this opinion, and render judgment therefor with costs.

BOOKES, J.—At common law, when a legacy was given without specifying any time of payment, it vested in the legatee on the

death of the testator, though not payable until one year afterward. The legacy vested on the decease of the testator, at which time the will was deemed to speak or take effect. By the Statute (2 R. S. 90, Sec. 43) legacies are not payable until after the expiration of one year from the time of granting letters, unless directed by the will to be sooner paid, and they will not draw interest until legally payable (12 N. Y. 472). Therefore interest is not payable on a legacy until a year from the granting of letters, unless it be otherwise directed in the will, either expressly or by fair implication. In this case no express direction is given, but according to well-settled rules of construction direction is given by just and fair inference.

The testator gave to the Defendant Meeker three thousand dollars in trust, to invest the same on bond and mortgage, and to apply the interest and income thereof to the use of the Plaintiff during her life. The Plaintiff was a minor, and, so far as the case shows, was without other provision for her support and maintenance. The testator's personal estate exceeded the aggregate of all the legacies, and was well invested on bonds and mortgages drawing interest ; and he gave authority to his executors to pay and discharge the legacies and bequests made in the will, by transferring and delivering bonds and mortgages belonging to his estate, to the legatees. Certainly there was nothing in the will, or in the circumstances surrounding the case, rendering it impossible or improbable that it was the intention of the testator that the legatee or beneficiary under the trust should not have the income from the fund named by him from the time of his decease. On the other hand, the inference is fair that he so intended. It is apparent that the bequest was intended for the support and maintenance of the Plaintiff, who was an infant, and there is no reason, nor is it probable, that he intended to postpone the benefit conferred for any period after his decease. In case of a legacy to a widow in lieu of dower, it draws interest from the death of the testator when he has made no other provision for her support during the first year after his death (6 Paige, 278) ; and so in the case of a legacy to a child whose support and maintenance are not

otherwise provided for (1 Allen, 490). The construction claimed for this will by the Plaintiff is sustained by numerous authorities, both in England and this country (7 Vesey, 96; 9 Vesey, 553; 1 Bland's Ch. 296; 3 Barb. Ch. 76; 6 Paige, 298; 5 Watts & Sergt. 30).

The last case cited is much like the one in hand. The testator gave to his executors a sum in trust to be put at interest, and required them to apply the interest and income to the use of his sister during her natural life. It was held that she was entitled to interest on the sum from the death of the testator. So in Gibson v. Bott (7 Vesey, 96), the testator placed the residue of his property in trust, in the hands of his executors, and directed them to keep it invested, and to pay the interest and dividends to his two daughters and their assigns for life. It was held that they were entitled to the interest thereon from the testator's decease. The case under consideration is stronger in favor of the plaintiff's claim than are some of those cited, in which it was held that the beneficiary under the will was entitled to interest from the death of the testator. Here all or nearly all the circumstances exist and are combined, which in the cases cited were severally held to control the construction of the will and to indicate plainly the interest of the testator.

The estate was much more than sufficient to satisfy all the legacies.

It was well invested on bonds and mortgages drawing interest at the testator's decease. The executors were authorized to transfer existing securities in satisfaction of the legacies. One of the executors was made the trustee to take and hold the trust fund; thus no new or especial investment was necessary. The beneficiary was an infant with no other provision for her support, or means of support, so far as the case discloses. In view of these facts, and in accordance with well-settled rules of construction in analogous cases, it must be held that the Plaintiff is entitled to interest on the trust fund from the decease of the testator.

The order of the Supreme Court granting a new trial was right and must be affirmed; and under the stipulation judgment final must be rendered in favor of the Plaintiff.

The case, however, must go back to the Special Term for the purpose of fixing the amount for which judgment is to be entered.

GROVER, J. (dissenting).—The testator, owning a large real and personal estate, made his will in August, 1855, by which he gave to the Defendant three thousand dollars upon trust to invest the same upon bond and mortgage, and apply the interest and income thereof to the use of the Plaintiff, an infant, granddaughter of the testator, for life, and upon further trusts not material to the questions presented in the case. He further gave to said Defendant a like sum upon the same trusts in favor of an infant sister of the Plaintiff.

He further gave the sum of five thousand dollars to his son William Conselyea, upon similar trusts in favor of Joseph Cook, an infant brother of the Plaintiff. The will provided that in case Dr. Chauncey Cook, the father of the said children, should present any claim against the estate, and the same should be allowed, the sum so allowed should be paid ratably out of the principal given the children. The will further provided that any of the legacies thereby given might, at the election of the executors, be paid in bonds and mortgages belonging to the estate. The residue of the estate real and personal was given to the testator's son, William Conselyea. The whole amount of legacies given by the will was thirty-one thousand dollars.

The testator died in October, 1855, and the will was probated in December thereafter.

The testator left a large real and personal estate, thirty-nine thousand dollars of the latter consisting of bonds and mortgages upon real estate drawing interest at the time of his death. There were no debts against the testator at the time of his death, except a demand for about four hundred and sixty dollars, which was presented by Doctor Cook, the father of the children, and allowed and paid by the executors, which, according to the will, was deducted from the principal given for the benefit of his children. At the expiration of a year from the probate of the will the

Defendants, who were executors, paid over to Defendant Meeker as trustee, the amount which according to the will was to be invested for the benefit of the Plaintiff and her sister, principally in bonds and mortgages belonging to the testator at the time of his death, but no interest. The Defendant Meeker, before the commencement of the suit, had received sixty-two dollars interest upon the sum paid him by the executor, one-half of which belonged to the Plaintiff, which he had offered to pay to her guardian, which the latter declined to receive unless interest from the time of the death was also paid, which the Defendant Meeker refused to pay. For the collection of the latter interest an action was brought by the Plaintiff in the Supreme Court. Upon the trial at the Special Term the Court held that the money was not payable to the Defendant as trustee until a year after the death of the testator, and that the Plaintiff was not entitled to interest for that time, to which conclusions of law the Plaintiff excepted.

Judgment dismissing the complaint was rendered, which, upon appeal, was reversed, and a new trial ordered by the General Term, from which judgment the Defendants appealed to this Court.

The only question arising upon this appeal is, whether the Plaintiff was entitled to interest upon the sum to be invested for her benefit from the time of the death of the testator, or not until a year after the probate of the will. Sec. 43, page 90, second Revised Statutes, provides that no legacies shall be paid by any executor or administrator until after the expiration of one year from the time of granting letters testamentary, or of administration, unless the same are directed by the will to be sooner paid. There is no such direction found in the will of the testator, unless it is to be inferred from the discretion given to the executors to pay the same in bonds and mortgages belonging to the estate, or from the fact that such bonds and mortgages were drawing interest at the death of the testator, or from both of these facts. It is clear that such direction cannot be inferred from the discretion given to the executors as to the manner of payment. They were left at liberty to make payment in cash or

mortgages; and it would be absurd to hold that if they chose to pay cash they were entitled to the year, but if they elected to pay in mortgages such payment must be made immediately. Neither can such direction be inferred from the fact that the assets were drawing interest at the death of the testator. Such must be the condition of a portion, at least, of the assets of all large estates. In some form an income is produced by the property, or a large portion of it, and yet in no case has this been considered as entitling a legatee to interest until the lapse of a year from the probate of the will. It furnishes no ground for presuming an intention of the testator that the legacies should be sooner paid than would the part of a surplus remaining after payment of all debts and legacies; indeed, the latter part would have a greater tendency to create such presumption than the former, where the estate was insufficient for those purposes. It is clear that if the bequest in the present case is to be regarded as a legacy, the Plaintiff is not entitled to interest until the expiration of a year from the probate of the will. This was the conclusion of the learned Court below. It was held by that Court that this, so far as the Plaintiff's right to interest is concerned, must be regarded in the nature of an annuity or income. It has always been the rule that an annuity or yearly income given by will should commence (when no time was fixed by the will) from the death of the testator. It is unnecessary to cite authorities for so plain a proposition. The inquiry, then, is, whether this bequest is to be regarded as an annuity or income, or as a legacy; if the former, the Plaintiff is entitled to interest from the death of the testator; if the latter, she is only so entitled after one year from the probate of the will. In the absence of authority, I should deem it clear that it was a legacy. It is given to Meeker in trust for certain purposes; among other things, to invest and pay the interest for the use of the Plaintiff for life. Had it been given to Meeker absolutely, there would have been no question but that it was a legacy to him, payable like other legacies. How does the bequest become enlarged by the trusts charged upon it in his hands? Had there been no such charge, he would have been entitled to the

money in one year from the probate of the will, and if not then paid, to interest from that time. But it is claimed that the trust imposed (to invest and pay the interest to the Plaintiff for life) charges the bequest with interest from the death of the testator. I am unable to see the force of the argument, that what Meeker is bound to do with the money when received—whether to invest and pay the interest to the Plaintiff for life, and then pay the principal to her issue, or whether to pay principal to Plaintiff upon the happening of any subsequent event, and interest until that time—can have to do with the amount of money he is entitled to receive under the will. But it is claimed that the question has been settled in favor of the Plaintiff by the judgment of Courts to an extent that should be deemed controlling by this Court. It is conceded that there has been no such determination by the Courts of this State. Craig v. Craig (3 Barb. Ch.), only determines that an annuity shall commence at the death of the testator. This has nothing to do with the question in the present case ; that is, whether the bequest is a legacy or not. The case of Hilyard's Estate (5 Sergt. & Watts, 30), decided by the Supreme Court of Pennsylvania, is a direct authority in favor of the Plaintiff. It was there held, under a statute substantially like the statute in this case, that where money was given to executors in trust to invest and pay the interest to another, that the sum drew interest from the death of the testator. The decision was based partly upon the ground that the assets were drawing interest at the death of the testator, and partly upon the analogy to annuities which commenced from the death of the testator. I am unable to assent to the reasoning of the learned Court upon either ground. I have before examined the effect to be given to the fact that the assets were drawing interest at the death of the testator, and arrived at the conclusion that it was entitled to no weight ; neither do I perceive any analogy in such a case to an annuity. The money is given upon trust to invest and pay the interest to the Plaintiff, whether for a longer or a shorter time is immaterial, and then apply the principal as directed. It is a legacy and nothing else. The diminution of the principal given,

in consequence of the demand presented by Doctor Cook, I do not regard as material. If the bequest of a sum certain upon trust, as in the present case, should draw interest from the death, I am unable to perceive why a like bequest of an uncertain sum should not, when reduced to a certainty, be entitled to like interest.

There was no exception taken to the dismissal of the complaint, or request made to render judgment in favor of the Plaintiff for the small balance of interest received by the Defendant Meeker, to which the Plaintiff is entitled. No such question can be considered in this Court.

The judgment of the General Term must be reversed, and that of the Special Term affirmed.

All concur in opinion of DAVIES and BOCKES except GROVER. J., who dissented, and PORTER, J., who having been of counsel takes no part.

Judgment affirmed.

JOEL TIFFANY,<br>
State Reporter.
