# SUPREME COURT.

ELIZA PIERCE agt. THOMAS J. CHAMBERLAIN, and others, executors of, &c., of BENJAMIN CHAMBERLAIN, deceased,

Where the testator, by his will, required his executors to pay to a trustee $4,000 to be invested in the best manner, and the interest to be paid by him, semi-annually to the plaintiff, during her life, and at her desease to pay the principal to her heirs :

And then directed his executors to pay the legacies mentioned in his will as fast as they might be able to do so without sacrificing his estate, but to pay all except such as were directed to be paid at a future day, within two years from the period of his decease :

*Held,* that the plaintiff was entitled to the benefit of her legacy, and consequently the *interest* thereon, from the period of the testator's decease. There was to be no such conversion of one species of property into another, as under the authorities would lead to a postponement of that benefit for any period of time whatever.

*Cattaraugus Circuit, June,* 1871.

THIS action was tried before Mr Justice DANIELS, without a jury, and was brought to recover the interest upon a legacy of four thousand dollars left by the defendant's testator in his will for the plaintiff's benefit. The defendants were constituted the executors of the last will and testament of Benjamin Chamberlain, deceased, and letters testamentary were issued to them on the 22d of April, 1868, and they took possession and control of the testator's estate, as executors, from the time of his death, which event occurred on the 10th of February, 1868. The remaining facts appear in the opinion.

CONGDON & CONGDON *for plaintiff.*
HENDERSON & WENTWORTH *for defendants.*

DANIELS, J.—When the testator died he left personal

estate amounting to the sum of one hundred and ten thousand dollars, all of which was drawing interest, except the sum of ten thousand dollars invested in bank stock, and that was earning dividends. This personal estate exceeded what was required to pay all the debts owing from, and all the legacies given by the testator. Forty thousand dollars consisted of money on deposit in the hands of Truman R. Colman, who was by the testators's will appointed the plaintiff's trustee. This deposit was held under an agreement that Colman should pay seven per cent. interest on it, and that it should not be drawn without giving him six months notice. The residue of the personal estate, except the bank stock, consisted of bonds and mortgages drawing interest.

By the testator's will, he required his executors to pay to Colman four thousand dollars, to be invested by him in the best manner, and the interest and income to be paid by him semi-annually to the plaintiff, the testator's adopted daughter, during her life, and at her decease to pay the principal to her heirs.

The testator directed his executors to pay the legacies mentioned in his will as fast as they might be able to do so without sacrificing his estate, but to pay all except such as were directed to be paid at a future day, within two years from the period of his decease.

In this condition of the testator's personal estate, and under these provisions of the will, there can be but little room for doubt that the testator designed that the plaintiff should have the benefit of the legacy provided for her, from the period of his own decease. This construction is sustained by the case of *Cook* agt. *Meeker* (36 *N. Y.*, 15), and the cases referred to in the opinion. There was to be no such conversion of one species of property into another as under the authorities would lead to a postponement of that benefit for any period of time whatever (*Id.*, 2).

The plaintiff was accordingly entitled to interest on the legacy from the decease of the testator to the time when so

Pierce agt Chamberlain.

much of the fund on deposit with Colman was set off to him, by the executors, as trustee for her, as was required to comply with the directions given by the testator, for her benefit.

The testator died on the 10th of February, 1868, and on the fifteenth of the following month of August, four thousand dollars of the deposit in his hands was transferred by the executors to Colman in trust for the benefit of the plaintiff, but the interest accruing on the legacy intermediate those periods was withheld by the executors. This interest the plaintiff is entitled to recover, and she must have judgment that the executors pay it to her, and that she recover the costs of this action against the assets in their hands as executors pursuant to section 317 of the Code.