NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—FEBRUARY, 1877.

## LYNCH v. MAHONEY.

*In the matter of the Estate of* EDWARD LYNCH. *deceased.*

General legacies, in their nature, carry interest.

Such interest is computed from the time at which the principal is actually due and payable.

The executor is allowed by law one year to prepare for payment, and interest runs from the expiration of the year, unless another period is fixed by the will.

But on a legacy declared to be in satisfaction of a debt, or, in some cases, for the maintenance of a child, interest is allowed from testator's death.

A bequest of interest upon a fund bequeathed in trust, to be invested, though payable to a person neither an infant nor a widow, is subject to the rule applicable to an annuity, and the interest runs from the date of testator's death.

ELIZABETH A. LYNCH, executrix of the will, &c., of Edward Lynch, presented her petition for leave to resign.

It set forth the following facts: the petitioner and Richard M. Harrison were appointed executors, but Harrison did not qualify. On 4th March, 1876, the petitioner obtained an order to advertise for claims, and did so. She paid all the debts presented, except $80, and she believes there are no other debts unpaid. She paid all

legacies excepting $1,500, which she was directed by the will to hold in trust, and pay the income to Mrs. Ann Mahoney, during her life, and upon her decease, to pay said sum to her issue. The petitioner was the residuary legatee under the will, and believes herself to be entitled to the remaining assets of the estate, except the said $1,500, and $80, and whatever interest said Ann might be adjudged to be entitled to. She had paid said Ann $52.50 on account of the interest, and was now desirous to be relieved from her trust. She accordingly prayed that she be allowed to pay the principal into this court for Ann's benefit, or that another trustee be appointed.

It was consented that the executrix be allowed to resign; and the only question submitted for the decision of the court was, when the interest on the sum left for the benefit of Ann Mahoney began to run.

The language of the will in that respect was as follows: " I give to the executors of this, my will, the sum of $1,500, in trust, to invest the same, and pay the income thereof to my sister Ann, wife of Martin Mahoney, of Saratoga Springs, during her life; and upon her death to pay said sum to her children surviving her, in equal shares."

It was conceded by the parties that the personal property of the estate was not alone sufficient to pay the debts, but together with the rent of the real estate it was sufficient; that there was one parcel of real estate sold January 6th, 1877, for $15,500, which sum, after deducting $5,000, of a prior mortgage, paid the legacies, and left but $5,000 to Mrs. Lynch. The legatee claimed interest from May 3rd, 1875, the date of the death of the testator; and admitted the receipt of $52.50 on account. The executrix claimed that interest ran only from July 20th, 1876, a year from the date of granting letters.

T. H. HURLEY, *for the executrix.*
McDANIEL, LUMIS & SOUTHER, *for the legatee.*

THE SURROGATE.—The general rule is, that general legacies in their nature carry interest, and that interest is computed from the time at which the principal is actually due and payable, and the executor is allowed by law, one year from the testator's death to ascertain and settle his affairs, at the end of which time, the court, for the sake of greater convenience, presumes the personal estate to have been reduced into possession.

Upon that ground, interest is payable from that time, unless some other period is fixed by the will (*Wms. on Executors*, 1221). The exceptions to this rule are, that if a legacy is decreed to be a satisfaction of a debt, the Court always allows interest from the death of the testator. In the case of a legacy given to a child by a parent, or one *in parentis loco*, the court will give interest from the death, to create a provision for its maintenance. An annuity bestowed by will, without mention of the time of payment, is considered as commencing from the death of the testator, and the first payment due at the expiration of a year. As mentioned by *Williams on Executors*, (p. 1226,) in some instances, legacies payable at a future period will carry interest, although not given by a parent, or a person *in loco parentis*, where there appears an intention on the part of the testator, that the legatees shall be maintained out of the property bequeathed to them.

In the case of *Lawrence v. Embree* (3 *Bradf.*, 364), it was held that annuities are considered as commencing to run at the testator's death, and the first payment is not due until the end of a year. A bequest of interest dividends, and income, of a certain sum to be vested by the executors, does not begin to carry interest until

the end of a year, at which time the investment ought to be made; and it was held in that case, also, that the provisions of the Revised Statutes as to payment of debts and legacies, have not altered the common law rule, and that the delay of the probate does not deprive the legatees of interest on their legacies, after the expiration of a year from the testator's decease; and that where there is a gift for life, of the income of the residue, without any direction to invest, the tenant for life is entitled to the income from the testator's death, on such investments as were then made, or as were subsequently made within a year, together with interest, on the amount not invested, valued as at the time of testator's decease.

But, as is well said by Surrogate TUCKER, in the *matter of Fish*(19 *Abbott Pr.*,209), the learned Surrogate, in holding that the Revised Statutes had not changed the rule as to the payment of interest, had doubtless failed to see the then very late case of *Bradner* v. *Faulkner*(12 *N. Y.*, 472), where the court of last resort held, that the statute in question having prescribed the time when legacies are payable, the interest should be held payable from the time when the legacies became so payable, for it is the non-payment at the time prescribed, which entitles a party to interest upon general legacies; and in the absence of a different provision, it would seem to be obvious that the interest should not be payable until the principal should be legally demanded. I am therefore of the opinion that the statute in question does change the common law rule in respect to interest upon general legacies; but the question submitted in this matter is whether a bequest of interest upon a fund bequeathed, in trust, to be invested, payable to a person neither an infant, nor a widow forms an exception to the general rule above stated.

Surrogate BRADFORD, in *Lawrence* v. *Embree*, above cited, held substantially that it did not; but in the case of *Cooke* v. *Meeker* (36 N. Y., 15), DAVIS, C. J., held the authorities abundant to sustain the doctrine, that when a sum is left in trust, with a direction that the interest and income should be applied to the use of a person, such person is entitled to the interest thereof, from the date of the testator's death. A careful consideration of the case, will show that there are some material differences between that case, and the one under consideration, which fully justify the conclusion reached therein, and which did not therefore render it necessary that the learned judge who delivered the opinion, should hold as above quoted. Indeed, that part of the opinion was clearly *obiter ;* hence it becomes necessary to consider the cases which he has cited as authority for that conclusion, in order to determine its soundness. Mr. Justice BOCKES, in *Cooke* v. *Meeker* (*supra*), in speaking of the facts of that case, says, that the estate was more than sufficient to satisfy all the legacies. It was well invested on bonds and mortgages, drawing interest at the testator's decease. The executors were authorized to transfer existing securities in satisfaction of the legacies. One of the executors was made the trustee to take and hold the trust fund;—thus no new or special investment was necessary. The beneficiary was an infant with no other provision for her support, or means of support, so far as the case discloses. These facts constitute, as it seems to me, a material difference between that case and the present.

In that case, the Chief Justice says that the weight of authority, undoubtedly now is in favor of allowing the payment of annuities or incomes to commence at the testator's death; and he cites several authorities which I deem it my duty to examine with care.

. The first cited is *Craig* v. *Craig* (3 *Barb. Ch.,* 76), which was the case of an annuity, and all the authorities concur that in such a case, where there is no direction as to the time when it shall commence, it commences at the testator's death. The next case cited is *Gibson* v. *Bott* (7 *Vesey,* 96), the marginal note of which is, that an annuity commences from the death, and the first payment is due at the end of a year; but a legacy does not begin to carry interest till the end of a year, unless otherwise directed, which is fully sustained by the text. The next is *Fearns* v. *Young,* (9 *Vesey,* 553), in which case the testator bequeathed to his wife the interest of one half of his property, during her life, with liberty to dispose of one half of said one half to whomsoever she might think proper, at her decease, the other half to devolve upon his daughter. The testator was a partner in a firm; and the articles of copartnership provided that, at the death of either partner, during the period limited for the partnership, seven years, the business should be carried on for the joint account of the surviving copartners, and the heirs of the deceased, until 30th June, next following, if death happened three months preceding, otherwise to continue till the same date, in the subsequent year, when the partnership should determine and the state of the partnership be made up, and divided, and the share belonging to the heirs should be paid, one half at the end of one year, the other half at the end of two years after such determination.

The Lord Chancellor in that case says, that it is not very well settled whether a tenant for life is entitled to interest from the death, or from a year afterwards; but in that case, he was of opinion that a life tenant ought to have interest, at a given rate, from the death, and determination of the partnership, and not the profit, and at the end of the partnership was entitled to interest upon the capital, though dead.

The case of *Angerstein* v. *Martin* (*Turner & Russell*, 232), was a case where the testator devised lands to John Angerstein for life, remainder to his children. The residue of his personal estate, subject to the payment of debts, was to be laid out in the purchase of lands to be settled to the same uses, with a proviso that the trust moneys, until so invested, might be invested in government or real securities, and directed the interest to be paid as the rent of the lands, when purchased, would be payable. A large portion of the testator's personal estate, not required for debts and legacies, was invested upon securities, bearing interest. The tenant for life was held entitled to the interest of that portion, from the death of the testator.

In *Hewit* v. *Morris* (*Turn. & Russ.*, 241) the testator directed his executors to invest the residue of his estate, after paying debts and legacies, in funds, or securities, the interest to be paid to the tenant for life, and after his death, the principal to be held in trust for his children. It was held that the tenant for life, was entitled to interest accruing from a year next after the testator's decease, upon funds in which the testator's property stood invested at the time of his death, and which were not required for payment of debts and legacies

In *Hill* v. *Hill* (3 *Vesey & Beames*, 183) it was held that a legacy to grandchildren, the object being for provision and maintenance, entitled the legatees to interest from the death.

In *Hilyard's Estate* (5 *Watts & Serg.*, 30), the testator gave and bequeathed unto his executors, $1,000 in trust, to place the same out at interest in good securities, and to pay and apply the interest and income thereof, as the same should be got in and received, unto his sister during her life, and immediately after her decease, the principal sum to be equally divided between the children

of his late brother. It appeared that the deceased left investments in bonds, mortgages, &c., bearing interest, amounting to over $44,000. It was held that the sister was entitled to the interest for a year from the death of the testator. In that case the principle was stated to be that where a sum of money is bequeathed, it does not carry interest for a year from the death of the testator, because he is not bound to pay it before the end of a year, and this is the rule, although the personal estate is invested in funds drawing interest. But to that rule there is an exception, founded upon the intention of the testator, and the character and situation of the legatee, and other circumstances; but where the bequest is not of the *corpus*, but of an income or annuity, there a contrary rule prevails, and the legatee having an interest for life, is allowed interest from the death of the testator. (And see *Eyre* v. *Golding*, 5 *Binn.*, 472.)

A careful examination of the treatises upon this subject, together with the decisions both English and American, leaves the question in very serious doubt, and but for the clear language of the learned judge in *Cooke* v. *Meeker*, above cited, and the two Pennsylvania authorities, I should be inclined to follow the decision by the late Surrogate BRADFORD, in *Lawrence* v. *Embree ;* for when the principle is recognized that an executor has a year in which to make investments, and the will as in this case directs the investment of the principal, and it appears, as in this case, that the estate in question had no securities drawing interest, out of which payment could be made for the first year, and no investment was in fact made, and there is no suggestion that the executor has been derelict in the performance of his duty, in that respect—it seems to me that there is a substantial distinction between an annuity, as such, and the interest upon a sum to be invested, payable an-

nually in this manner, although it does partake in some sense of the nature of an annuity. But an annuity is charged upon the whole body of the estate, while the interest directed to be paid by the will under consideration is only such interest as can be realized from the investment of that sum, and if it should be invested, and fail to yield an income, the estate would not be charged with the deficiency.

But I do not feel at liberty to disregard the plain and emphatic language of the learned chief justice in *Cooke* v. *Meeker,* which may be presumed to have received the attention and scrutiny of the other judges of the court, though it may not have been necessary to the decision of that case. The two Pennsylvania cases above cited are also directly upon the point involved in this case; and therefore while I am not able to resist the force of the argument to the contrary, above suggested, I feel constrained to respect the above authorities, and to hold that the interest upon the legacy in question began to run from the decease of the testator, and that the executor be directed to pay accordingly.

Order accordingly