*In re* LASAK'S ESTATE.

*In re* SCHERMERHORN.

(*Supreme Court, General Term, Second Department.* February 10, 1890.)

WILLS—LEGACY—ALLOWANCE OF INTEREST.

A testator bequeathed the use of $30,000 to his daughter for life, the interest to be paid to her quarterly. When the will was made the daughter was unmarried, but at testator's death she was a widow, dependent on his bounty. *Held,* that the provision was intended for her support and maintenance, and that the income thereof might be allowed her from the date of her father's death.

Appeal from surrogate's court, Westchester county.

An application on behalf of Antoinette L. Schermerhorn, a daughter of, and legatee under the will of, Francis W. Lasak, for an order directing the administrator with the will annexed to pay her $2,000 out of the estate within the year of administration. By the will and a codicil thereto, she was bequeathed the use of $30,000 for life, the interest to be paid her quarterly. She now appeals from the order denying her application. For former report see 7 N. Y. Supp. 2.

Argued before BARNARD, P. J., and PRATT, J.

*Aaron Kahn,* (*Robert Sewell,* of counsel,) for appellant. *Emmet & Robinson,* (*R. E. Robinson,* of counsel,) for respondent.

PRATT, J. We think the cases of *Pierce* v. *Chamberlain,* 41 How. Pr. 501; *In re Lynch's Estate,* 52 How. Pr. 367; and *Cooke* v. *Meeker,* 36 N. Y. 15,—are authority in favor of allowing to Mrs. Schermerhorn interest on the $30,000 fund, commencing from the time of her father's death. In the case in 36 N. Y. 15, the applicant was a minor; but the decision does not seem to be based upon that fact. When the first $20,000 of the fund was put into the will, the applicant was an unmarried daughter of the testator. At the time of the testator's death she was a widow, who had no other dependence than the bounty of her father. Taking all the facts into consideration, we think it may be said that the provision in the will is intended for her support and maintenance, and that the income therefrom may be allowed her from the date of her father's death. To that extent, we are of opinion her application should be granted. Order reversed; costs to applicant out of estate.