In the Matter of the Final Judicial Settlement of the Accounts of WILLIAM PARKIN and THE SYRACUSE TRUST COMPANY, as Executors, etc., of WILLIAM J. WALLACE, Deceased, Appellants.

RICHARD NELSON, Respondent.

Third Department, March 3, 1920.

Trust — testamentary trust authorizing trustee to invest sum of money and apply income to specified purposes — trustee entitled to interest from death of testator — rule that general legacies shall not draw interest until one year after testator's death not applicable.

Under a testamentary trust giving the trustee during his life the right to invest a certain sum of money and apply the income to certain specified purposes, and further providing that said legacy should bear its proportionate share of Federal and State inheritance taxes, the rule that general

legacies shall not draw interest until one year after the testator's death does not apply, and the trustee is entitled to the income, after deduction of taxes, earned the first year after the death of the testator.

APPEAL by William Parkin and another, as executors, from a decree of the Surrogate's Court of the county of Madison, entered in the office of said Surrogate's Court on the 4th day of April, 1919.

*Fitch & Kiley* [*A. E. Fitch* of counsel], for the appellants.

*Russell M. Johnston,* for the respondent.

KILEY, J.:

The only question involved on this appeal is whether the rule that general legacies shall not draw interest until one year after testator's death applies to the legacy, constituting a trust, as found in the second paragraph of the will of William J. Wallace, which reads as follows: " (1) I give and bequeath to Right Reverend Richard Nelson, Bishop of the Diocese of the City of Albany, Twenty thousand dollars ($20,000) in trust, during his life, to invest the same and apply the income to the assistance of such poor persons, residents of Albany, as he may deem worthy of charitable aid. At his death I give and bequeath of the trust fund, Ten thousand dollars ($10,000) thereof to the Trustees of the Corning Foundation for Christian Work in the Diocese of Albany, in trust, for the Child's Hospital, and Ten thousand dollars ($10,000) thereof to the Mohawk and Hudson River Humane Society." By a codicil to this will the testator provided that this legacy, with others, should each bear their proportionate share of Federal and State inheritance taxes that might be assessed and levied against the legacies left to his daughter in his will. This, it is conceded, reduced the legacy in question to $18,367.20. The income on the amount going into this fund after deducting its share of the inheritance tax, and earned the first year after the death of the testator, amounts to $748.20. The learned surrogate awarded this amount to Richard Nelson, trustee, in addition to the possession of the *corpus* of the legacy. (*Matter of Wallace,* 106 Misc. Rep. 305.) The appellants contend it should have gone into the residuary estate. The learned surrogate

followed the rule laid down in Matter of Stanfield (135 N. Y. 292). We think the decree makes the proper disposition of the income in question. In Cooke v. Meeker (36 N. Y. 15) the Court of Appeals collated and considered many cases under the common law and under the statutes and said " the weight of authority, undoubtedly, now is in favor of allowing the payment of annuities or incomes to commence at the testator's death. * * * The authorities would seem abundant, therefore, to sustain the doctrine that when a sum is left in trust, with a direction that the interest and income should be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator's death." In 135 New York, 292, above cited, the Court of Appeals again collates and considers the cases bearing upon the question to that time; and at page 294 of the opinion points out the distinction between trust and general legacies as follows: " Where the income of an estate, or of a designated portion, is given to a legatee for life, we think it is clear that he becomes entitled to it whenever it accrues, and if the estate is productive of income from the death of the testator, he can require the executor to account to him for the income from that time. The rule that general legacies shall not bear interest until the expiration of one year from the grant of letters testamentary, or of administration (Matter of McGowan, 124 N. Y. 526), has no application in such a case. It is, by its terms, limited to general legacies payable out of the corpus of the decedent's estate. In the present case the bequest is not a part of the principal of the estate, or of any property possessed by the testator in his lifetime; but to that which is to arise or accrue after his death from a specified fund to be set apart for that purpose. It is the income which constitutes the respondent's legacy. He is not seeking to charge the estate with interest upon his legacy, but is simply endeavoring to secure the legacy itself and his effort, therefore, involves no infringement of the rule regulating the payment of interest upon general legacies." Bishop Nelson did not get the $20,000 nor the part remaining after payment of the transfer tax as aforesaid; he is to have possession during life; he cannot get title to the corpus of the legacy; the income is all that he can dispose of. It was stipulated on the proceedings for judicial settlement

that this trust fund earned the $748.20 between the decease of testator and judicial settlement; under the cases it belongs to the trustee and not to some other legatee, and that is so because the will does not specify otherwise.

In *Matter of Slocum* (60 App. Div. 438) the justice writing the opinion, at page 442 quotes with approval *Clifford* v. *Davis* (22 Ill. App. 316) as illustrative of a case where even a trust fund does not take the interest until one year after granting of letters. " The bequest was in express terms, the interest to be collected by the executor on his investments." The court said (p. 320): " The general rule is, that in case of the bequest of a life estate in a residuary fund, and where no time is prescribed in the will for the commencement of the interest or the enjoyment of the use or income of such residue, the legatee for life is entitled to the interest or income of the clear residue, as afterward ascertained, to be computed from the time of the death of testator. When, however, the testator has directed one species of property to be converted into another, or the residuary fund to be invested in a particular manner, and has given a life estate *in the fund* as thus converted or *invested, then, in such event, it* is deemed to be consistent with the will of the testator to consider the life interest as commencing when the conversion takes place or the investment is made."

The decision in that case was modified in the Court of Appeals (169 N. Y. 153); but the holding of the Appellate Division as to disposition of income, same as we hold here, was approved. *Bank of Niagara* v. *Talbot* (110 App. Div. 519) involves mixed legacies and follows 135 New York, *supra*. None of these cases distinguishes relatives from non-relatives in the application of the rule.

The judgment should be affirmed, with costs payable out of the estate.

Decree unanimously affirmed, with costs to the respondent payable out of the estate.