In the Matter of the Judicial Settlement of the Accounts of JOHN C. O'CONOR and SAMUEL F. STREIT, as Executors, etc., of HENRY T. CAREY, Deceased.

FREDERICK P. HUDSON, Appellant; JOHN C. O'CONOR and SAMUEL F. STREIT, as Executors, etc., and Others, Respondents.

Second Department, March 3, 1922.

**Wills — testamentary trust — beneficiary entitled to interest from date of death of testator.**

The beneficiary under a testamentary trust which bequeaths a certain amount to trustees for his benefit, with the direction that the net income be applied to his use, is entitled to the interest thereon from the date of the testator's death.

APPEAL by Frederick P. Hudson from a decree of the Surrogate's Court of the county of Suffolk, entered in the office of said Surrogate's Court on the 19th day of April, 1920, judicially settling the accounts of the executors of the last will and testament of Henry T. Carey, deceased.

*Harlan F. Stone* [*Frederick C. Bangs* and *James Adikes* with him on the brief], for the appellant.

*John C. O'Conor,* for the executors, respondents.

*Lester Hand Jayne,* special guardian for the infants, respondents.

JAYCOX, J.:

The will of the testator contained the following provision:

" *Eleventh.* I give and bequeath to Samuel F. Streit and John C. O'Conor the survivor of them the sum of Twenty-five thousand Dollars ($25,000). In Trust nevertheless to be held by them the survivor of them during the life of my friend Frederick P. Hudson to manage invest and reinvest the same and to collect the rents issues and profits thereof and pay the net income to the said Frederick P. Hudson during his natural life and upon his death I direct said trust estate be distributed as part of my residuary estate."

At the end of one year from the time letters testamentary were granted to them the executors paid over to themselves as trustees under the above provision of the testator's will the sum of $25,000. No interest or income upon said sum during said period has been paid to the beneficiary, Hudson, and none has been set aside for the purpose of making such payment. Upon the accounting proper objection was made by said beneficiary and a claim interposed that he was entitled to interest upon said sum from the date of the testator's death. This claim was opposed and the surrogate has refused to direct the payment of interest. Hudson was a friend, not a relative, of the testator. The residuary legatees are a nephew and a niece of the decedent. There is no proof or claim that the testator stood in relation of *loco parentis* to any of these parties or that this money was necessary for the support of any of them. In *Cooke* v. *Meeker* (36 N. Y. 15) it was said: " The authorities would seem abundant, therefore, to sustain the doctrine that when a sum is left in trust, with a direction that the interest and income should be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator's death." Since the decision of that case the doctrine therein enunciated has been generally followed. Occasionally a decision has limited the decision to the actual facts involved in the *Meeker* case and distinguished the case then at bar therefrom. In some of the cases the doctrine has been criticized as *obiter* and as not supported by the authorities and then followed. (*Matter of Lynch,* 52 How. Pr. 367, 375.) This criticism was all by courts of inferior jurisdiction and did not overrule or affect the authority of that decision. All these criticisms were answered and the force and effect of that decision definitely fixed and determined in *Matter of Stanfield* (135 N. Y. 292). The court there

holds that the views of the learned chief justice who wrote in *Cooke* v. *Meeker* (*supra*) are not *obiter* and did not turn upon the fact that the legatee was a minor and that the income was given for her support. The doctrine of that case is reiterated and approved. Since that case (*Matter of Stanfield*) at least one case in relation to a provision of a will in all respects similar to this has been passed upon by the Appellate Division. In *Matter of Parkin* (190 App. Div. 875) it was held that the trustee was entitled for the purpose of distribution to the income earned by the legacy from the date of the death of the testator. As the decree appealed from deprives the appellant of such interest, I recommend that it be reversed, with costs to the appellant payable out of the estate, that the proceeding be remitted to the Surrogate's Court of Suffolk county, and that a decree be entered in accordance with this opinion.

BLACKMAR, P. J., KELLY, MANNING and KELBY, JJ., concur.

Decree of the Surrogate's Court of Suffolk county reversed, with costs to the appellant payable out of the estate; proceeding remitted to said court, and a decree directed to be entered in accordance with opinion.