Charles A. Loreto, J.
In this action for a judicial settlement of a trustee’s account and for a construction of the will and codicils of the testator, the trustee moves for summary judgment.
The testator died in September, 1918, leaving a will and five codicils which were admitted to probate in January, 1919. By his will and codicils, the testator gave his nephew, Charles Popham Hidden, an outright legacy of $500,000 and created 15 trusts. Eight of the trusts provided that upon the death of the life tenant the corpus of each trust was to be disposed of as part of the residuary estate which was left entirely to charities (for convenience referred to as charitable trusts). The remaining seven trusts provided in each instance on the death of the life tenant for the delivery of the remainder of such trust to non-charitable beneficiaries (for convenience referred to as noncharitable trusts).
By article Twenty-Second of his first codicil, the testator provided that the charities to whom the residue was left should not receive any benefit from the estate until all other trusts and legacies were fully paid. The testator’s foresight in making this provision is demonstrated when it was determined shortly after his death that the estate could fulfill the legacies and trusts only to approximately 90% thereof. By a judicial construction of this provision it was determined that as each charitable residuary trust terminated, no payment would be made to the charitable residuary legatees until the then continuing trusts and all previously terminated noncharitable trusts had been *433 funded in full and the legacy to the testator’s nephew had been paid in full.
Three charitable trusts have terminated by the death of the life beneficiaries, and in carrying out the testator’s prophetic direction, the corpus of such trusts has been applied to make payments on account of the legacy, payment to all continuing trusts and payment to all prior terminated noncharitable trusts. From the date of the death of the testator in 1918 to the date of this accounting, the legacy to the nephew remains partly unpaid and in addition the principal of nine terminated trusts has not been fully funded.
On this accounting, no objections have been filed to the account or to the distribution of principal and income on hand. The only questions raised by the answers to the complaint are whether the legatee is entitled to interest on the unpaid portion of his legacy for the period in which it was not fully paid, and whether the remaindermen of the noncharitable trusts are entitled to any interest for the period their remainder interests were not fully funded. This presents an issue of law and properly determinable on a motion for summary judgment.
Interest on legacies generally runs from the time of the completion of the publication of notice to creditors, if such a notice be published, or, if none be published, from the expiration of seven months from the time of granting letters testamentary. (Surrogate’s Ct. Act, § 218.) If the will shows the intention that interest on a legacy will begin at a definite time, such intention controls; otherwise interest begins to run from the time when the legacy is payable (Matter of Rutherfurd, 196 N. Y. 311). Unless a different intent appears in the will, interest on a sum left in trust, with the direction that the beneficiary is to receive the use and income, begins to run from the date of death of the creator of the trust. This rule was announced in the case of Cooke v. Meeker (36 N. Y. 15), wherein after a thorough discussion of the subject the court (p. 19) says: “ The weight of authority, undoubtedly, now is in favor of allowing the payment of annuities or incomes to commence at the testator’s death ” and again (p. 22): “ The authorities would seem abundant, therefore, to sustain the doctrine, that when a sum is left in trust, with a direction that the interest and income should be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator’s death.” The rule announced in that case has been since followed and still obtains. (Matter of Barnes, 7 App. Div. 13, affd. 154 N. Y. 737; Matter of Parkin, 190 App. Div. 875; Matter of Harden, 177 App. Div. 831, affd. 221 N. Y. 643; Matter of Kings County Trust Co., 141 *434 App. Div. 43; Matter of Carey, 200 App. Div. 344; Matter of Ahrens, 203 App. Div. 30; Matter of Stanfield, 135 N. Y. 292; Matter of Bird, 241 N. Y. 184.)
If payment of a legacy or the remainder interest of a trust is to be suspended beyond the time provided by statute, the intention of the testator, so to postpone such payment, must be found in the will and codicils themselves when interpreted in connection with the circumstances surrounding the testator at the time of making his will and codicils. The intent of the testator as expressed by article Twenty-Second fairly leads to the inference that the testator intended that the legacies and remainder interests of the noncharitable life estates become payable when sufficient money had been realized after the termination of the charitable trusts. He understood the condition of his property, and by that article of his first codicil provided that the charities to whom the residue was left should not receive any benefit from the estate until all other noncharitable trusts and legacies were fully paid. The very nature and character of his estate prevented earlier payment. Therefore, the time when such payments became due was postponed until the source from which they could be made came into existence. The general rule as to interest on a legacy or a sum left in trust is that it runs from the time when due. It follows, therefore, that no interest should be allowed.
The motion for summary judgment is granted in accordance with the views expressed herein.