NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—July, 1883.

## NAHMENS V. COPELY.

*In the matter of the judicial settlement of the account of* ANDREW P. NAHMENS, *executor of the will of* HENRY COPELY, *deceased.*

It is not every trust provision made by a testator, for the application of interest or income to the use of another, which will carry interest from the former's death. Regard is to be had, in each case, to the situation of the beneficiary, his relation to the testator, the terms of the provision, and the condition of the testator's estate.

Testator, by his will, gave to his executor $5,000, in trust to invest and apply the income "*for the support and education* of my granddaughter, A., until she attain the age of 21 years," and then to pay to her the principal, with accrued interest. A., who was an infant, had

always been maintained by her father, who was able and willing to support and educate her.—

*Held,* that, by reason of the peculiar language of the will (indicated by the italics), interest on the legacy must be allowed from testator's death.

Matter of Lynch, 52 *How. Pr.,* 367—disapproved ; Cooke v. Meeker, 36 *N. Y.,* 15—explained and distinguished.

DETERMINATION, upon executor's accounting, of a question as to the allowance of interest on a legacy to Ann Nahmens, testator's grandchild.   Thomas H. Copely, a legatee, and Susan Copely, decedent's widow were cited to attend.

GEORGE G. DEWITT, JR., *special guardian.*

JOSEPH FETTRETCH, *for A. R. Copely, trustee.*

THE SURROGATE.—The will of this decedent contains the following provision : "I give and bequeath to my executor hereinafter named the sum of $5,000, in trust to invest and keep the same invested, and to apply the interest and income thereof for the support and education of my granddaughter, Ann Nahmens, *until she attain the age of 21 years,* and then to pay over to her the said principal sum *and accrued interest.*"

It is undisputed that the legatee, who is still an infant, has always been maintained by her father, and that he is able and willing to support and educate her.

Upon this state of facts, I am asked to determine whether she is entitled to interest upon her legacy from the testator's death.   Except in the case of Matter of Lynch (*52 How. Pr., 367*), the precise issue which is here presented seems never to have been determined by the courts of this State.   While the general question of interest on legacies has in various phases been fre-

quently the subject of discussion and determination, in all instances save the one just specified, wherever a legatee has been allowed interest from testator's death, his situation has been materially different from that of the present applicant.

For example, the beneficiary was an annuitant in Craig v. Craig (*3 Barb. Ch., 76*); and in Booth v. Ammerman, *4 Bradf., 129*). Williamson v. Williamson (*6 Paige, 298*), was the case of a widow, to whom was given the testator's residuary personal estate for life, in lieu of dower.

No other provision than the very one which aroused discussion respecting this matter of interest was made for the beneficiary in any of the cases next cited, and such beneficiary was either a child of the testator or a person toward whom he stood *in loco parentis* (Matter of Ransom G. Williams, *12 N. Y. Leg. Obs., 179;* Estate of Daniel Devlin, *1 Tucker, 460;* Pierce v. Chamberlain, *41 How. Pr., 501;* Brown v. Knapp, *79 N. Y., 136;* Lupton v. Lupton, *2 Johns. Ch., 614*).

But in the matter of Lynch, *supra*, a testator had given in trust to his executors the sum of $1,500, to invest the same and pay the income to his sister, who was a married woman, during her life; and there the sister was allowed interest from the death of the testator. This decision is admittedly grounded upon a proposition which is declared by DAVIES, Ch. J., pronouncing the opinion of the Court of Appeals in Cooke v. Meeker (*36 N. Y., 15*), to be fairly deducible from a large number of authorities which he cites in its support.

These authorities will be discovered upon examin-

ation to fall far short of maintaining the broad proposition which they are claimed to establish, and which Matter of Lynch re-asserts—that, *whenever* a trust provision is made by a testator for the application of interest or income to the use of a person, such person becomes entitled to interest from the death of the testator. It will be seen, however, that the cases which are cited in Cooke v. Meeker furnish abundant support for the allowance of such interest under the circumstances there appearing. For, from the opinion of BOCKES, J., it appears that the beneficiary, whose claim was in dispute, had no means for her support and maintenance save such as the will afforded her, and that the testator's personal estate was well invested in bonds and mortgages, which the executor was clothed with authority to transfer in discharge of the legacies.

It is insisted, by the special guardian in the present proceeding, that, aside from all questions as to the just interpretation of the authorities approvingly cited in Cooke v. Meeker, whatever is said in that case must be accepted as pertinent to the present controversy, and indeed as decisive of its issues. He especially relies upon the language which is approvingly quoted in Lynch v. Lynch, and which is at the foundation of the latter decision.

I do not, however, for reasons already intimated, feel bound to give to those words the comprehensive meaning claimed for them. They appear in a decision which admittedly rests upon the authority of the cases cited in its support, and those cases fully warranted the allowance of interest from the testator's death, because of special circumstances which are here wanting.

The *obiter* statement, therefore, of the learned judge pronouncing the opinion in Cooke v. Meeker, so far as it enlarges the doctrine which the cited cases maintain, is not here controlling. Nevertheless, in view of the peculiar language of this testator's will, I have decided to allow interest from his death upon the legacy under consideration. He expressly declares that the provision for his grandchild shall be for her "support and education."

This feature seems to me to be one of controlling importance, and to justify the claim urged by the special guardian in her behalf. The interest may be computed at the statutory rate.

Ordered accordingly.