49h 219
60ad444

HENRY H. POWERS, PLAINTIFF, v. ELLIS K. POWERS, AS EXECUTOR, ETC., OF HOLLIS L. POWERS, DECEASED, DEFENDANT.

*Legacy — when it draws interest from the testator's death*

A testator by his will gave to his executor and trustee the sum of $50,000, "in trust, however, to invest and reinvest the same from time to time as may be necessary in first bonds and mortgages or United States government securities, and to pay over the income thereof to my cousin, Henry H. Powers, during the term of his natural life."

*Held*, that as it appeared that the amount had been invested by the testator himself, and was yielding interest from the time of his decease, that the right to such interest necessarily vested in the beneficiary of the trust and became his property from the time of the death of the testator.

CASE agreed upon and submitted to the court for its decision, pursuant to section 1279 of the Code of Civil Procedure.

DANIELS, J. :

The question submitted to this court for its decision is whether the plaintiff is entitled to interest, under the trust created in his favor by the fifth clause of the will of the testator, from the time of his decease. In this clause he gave to his executor and trustee the sum of $50,000, "in trust, however, to invest and reinvest the same from time to time, as may be necessary, in first bonds and mortgages or United States government securities, and to pay over the income thereof to my cousin, Henry H. Powers, during the term of his natural life."

The residue of this clause in the will is not important to be considered by the court. The plaintiff claims the interest or income of this sum of money from the time of the death of the testator. It was disposed of in no other manner than by giving it to him directly ; and as the amount was invested by the testator himself, and yielding this interest or income from the time of his decease, the right to it necessarily vested in and became the property of the plaintiff. This subject was considered in *Cooke* v. *Meeker* (36 N. Y., 15), where that construction was placed upon a similar direction contained in a will, and no authority has been found, neither is there any probability that any can be, in any manner modifying or changing this rule.

It has been agreed by the case, if this construction is to be placed upon this clause of the will, that the plaintiff is entitled to recover judgment for the sum of $2,107.87. He is so entitled, and consequently judgment should be directed in his favor for the recovery of that amount.

Van Brunt, P. J., and Brady J., concurred.

Judgment ordered for plaintiff as directed in opinion.