(48 Misc. Rep. 432)

CONKLIN v. CLARK.

(Supreme Court, Special Term, Jefferson County. November, 1905.)

1. WILLS—CONSTRUCTION—DEVISE OF INCOME.

Testator devised, after all her lawful debts were paid, the interest of $5,000 to plaintiff; after her death the money to be put out on interest for a certain time and then to be divided among persons named. *Held* that, where the debts of the estate were small and the estate had the benefit

of plaintiff's annual legacies, less what had been paid her, and the executor had unnecessarily used the money devised to her for the payment of debts and legacies, and the estate was drawing 6 per cent. interest and was more than sufficient to pay all debts and legacies, the bequest must be construed to invest the legatee with a title to the income from the date of the testator's demise.

2. SAME.

Where testator devised a certain sum "after all my lawful debts are paid and discharged," it did not authorize the executor to withhold all payments of income until he had liquidated the last debt against testator, where there was more than enough personal property to pay all the debts and all the legacies.

Action by Eva Conklin against Edwin S. Clark, executor, to determine the amount of her legacy under a will. Judgment for plaintiff.

William H. Gilman, for plaintiff.

Watts & Pitcher, for defendant.

WRIGHT, J. The portion of the will material to this inquiry reads as follows:

"First. After all my lawful debts are paid and discharged, I give, devise and bequeath to Eva Conklin, the interest on $5,000, and after her death the said $5,000 to be put out on interest until her son Glen shall be twenty-four years old, then he and Roy Conklin to have one-half of said $5,000 and their sister Mary Conklin to have the other half of said $5,000."

I do not think that the clause, "after all my lawful debts are paid and discharged," which is a part of the printed form used by the testator, amounted to an expression or declaration on his part that the executor might withhold all payments of this legacy until he had liquidated the last debt against the testator. As is stated by the court in Smith v. Soper, 32 Hun, 46:

"The clause * * * simply provides for what the law requires if there had been no such clause, to wit, that the debts should be a charge upon the property of the testator."

In Matter of Stanfield, 64 Hun, 277, 18 N. Y. Supp. 913, affirmed by the Court of Appeals in 135 N. Y. 292, 31 N. E. 1013, the testator, after payment of his just debts, bequeathed the income of certain sums to certain persons, and directed his executor to invest such sums and pay over the income. It appeared that the value of the estate was large and that the personalty had earned over 3 per cent. The court held that interest was properly allowed from the death of the testator.

I do not agree with the contention of the learned counsel for the plaintiff that she is entitled under the will to an annuity of $300; that sum being the annual interest at 6 per cent. on $5,000. The bequest of the interest on $5,000 must be regarded simply as the gift of the annual income by way of interest on that sum; and, hence, should the interest fall short of 6 per cent. upon $5,000, the corpus of the estate would not be liable for the difference. Matter of Dewey, 153 N. Y. 63, 46 N. E. 1039.

Our inquiry now leads to the question: To how much is the plaintiff entitled under the will? At the time of the testator's death, the personal estate was appraised at over $43,000. The amount of the debts and legacies, inclusive of the $5,000 trust fund, amounted to $38,000.

A large portion of the estate had been invested by the testator in securities which were drawing 6 per cent. interest at·the time of his death. Said interest or income, together with the principal, has been collected by the executor and applied to the payment of debts and legacies. There remain about $8,000 personalty in the hands of the executor. It was the duty of the executor, under these circumstances, to immediately invest $5,000 for the benefit of the plaintiff. Had this been done, the plaintiff would have received her annual legacy, and the ·executor would have had $38,000 assets left, which, allowing for shrinkage, would have been ample for the payment of the debts and other legacies which amounted to $33,000. It thus appears that the estate has had the benefit and use of the plaintiff's annual legacies, less what has been paid her, and that the executor has unnecessarily used it for the‚ payment of debts and other legacies. In view of the fact that the estate was so invested by the testator that it was drawing 6 per cent. interest at the time of his death, and was more than sufficient to pay all the debts and legacies, and in view of the further fact that over $11,000, representing principal and interest, is clearly shown to have been collected by the executor while the principal was actually earning 6 per cent. after the death of the testator, ·and that $800 in bonds was drawing 5 per cent. income, it can fairly be inferred that at least $5,000 has been productive of income since the testator's death.

Where the estate is sufficient for the liquidation of debts and ·other charges, and is so invested as to be productive of income from the death of the testator, a bequest of income ·to a legatee for life must be construed to invest him with a title to such income from the date of the testator's demise, unless there is some provision in the will from which a contrary intention is to be inferred. Matter of Stanfield, 135 N. Y. 292, 31 N. E. 1013. ·In Cooke v. Meeker, 36 N. Y. 15; the court say:

"The authorities would seem abundant, therefore, to sustain the doctrine· that, when a šum is left in trust, with a direction that the interest and income should be applied to the use of a person, such person is entitled to the ·interest thereof from the date of the testator's death."

See, also, Matter of Baker's Estate, 57 App. Div. 44, 68 N. Y.·Supp. 44; Powers v. Powers (Sup.) 1 N. Y. Supp. 636.

It has been held that 4 per cent. is a reasonable rate of interest which should be paid to a legatee, under a similar bequest in a will, from the time of the decedent's death, even though the ·estate at that ·time, under špecial circumstances, was earning 8 per cent. See Southgate v. Continental Trust Co., 74 App. Div. 150, 73 N. Y. Supp. 718, 77 N. Y. Supp. 687.

I think, therefore, under the circumstances of this case, that·the plaintiff is entitled to the annual interest on $5,000 at the rate of 4 per cent. from the time of the testator's death. The unpaid legacies due plaintiff are payable out of the personal estate. The plaintiff must credit the executor with all sums already paid her under the will. Costs are awarded to the plaintiff against the defendant as executor. Findings may be prepared accordingly.

Judgment accordingly.