Application denied.

---

(86 Misc. Rep. 131)

## In re DAY'S ESTATE.

## In re FLETCHER.

(Surrogate's Court, Saratoga County.    June, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 314*)—PETITION FOR PAYMENT OF IN-
   COME—PROOF—DISMISSAL.
       Under the express provisions of Code of Civ. Proc. § 2722, defining the
   duties of the surrogate in proceedings for the settlement of the accounts
   of an executor, a petition for an order requiring the executor to pay the
   annual income bequeathed by the will will be dismissed, in the absence of
   proof that there is money or other personal property of the estate applica-
   ble to the satisfaction of petitioner's claim, without prejudice to an ac-
   counting.
       [Ed. Note.—For other cases, see Executors and Administrators, Cent.
   Dig. §§ 1274–1297; Dec. Dig. § 314.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. WILLS (§ 734*)—TESTAMENTARY TRUST—INTEREST.

Where a will leaves a sum in trust, with the directions that the interest and income shall be applied to the use of a person, such person is entitled to the interest thereof from the testator's death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1847–1872; Dec. Dig. § 734.*]

3. WILLS (§ 684*)—TESTAMENTARY TRUST—INCOME.

Where a will leaves a sum in trust, with directions that the interest and income shall be applied to the use of a person, the beneficiary's right to the income cannot exceed the amount received, or which should have been received from the trust fund, though such amount be less than the legal rate of interest on the fund.

[Ed. Note.—For other cases; see Wills, Cent. Dig. §§ 1614–1628; Dec. Dig. § 684.*]

4. TAXATION (§ 889*)—TRANSFER TAX—PAYMENT FROM INCOME.

Where a gift of income is made by will, transfer taxes on the fund must be paid from the income.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1710; Dec. Dig. § 889.*]

5. EXECUTORS AND ADMINISTRATORS (§ 484*)—ACCOUNTING—RIGHT TO CREDIT —INCOME.

Where a will creates a trust fund, with directions that the income be "paid to or for the use and benefit of" a certain person, the amount paid by the executor on a note executed by the beneficiary should be credited in the executor's account as so much income paid.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 763, 2067; Dec. Dig. § 484.*]

Petition by Leonard B. Fletcher, for an order requiring payment by the executor of the annual income bequeathed by the will of Oscar A. Day, deceased. Petition dismissed.

Jesse Stiles, of Saratoga Springs, for petitioner.
Norman G. Hewitt, of Brooklyn, for executor.

OSTRANDER, S. The will of deceased provided inter alia:

"Ninth. Out of the rest, residue and remainder of my estate, after payment of the sums and bequests hereinbefore mentioned, I do hereby give, devise and bequeath to my executor in trust the sum of ten thousand dollars ($10,000.) the income only of which shall be paid to, or for the use and benefit of Leonard B. Fletcher, of Saratoga Springs, N. Y., brother of my late wife, during his natural life."

This paragraph also provided for payment of the income from said sum to Marion Fletcher for life after the decease of Leonard, and at the close of the life estates provided for payment of the corpus to other legatees.

Mr. Day died August 6, 1911, and his will was proved August 24, 1911. On September 30, 1912, the executor filed his account with his petition for settlement thereof, to which Fletcher filed objections, and the accounting was pending when this proceeding was commenced.

March 13, 1914, the petition herein was filed. Prior to filing the petition the executor paid, at the petitioner's request, $560. He also paid $136 transfer tax assessed against the interest of the petitioner in said legacy, and also paid a bank note made by petitioner and indorsed by

the deceased, amounting to $50, for which he claims credit. The petitioner claims payment of income of said fund from the time of testator's death, free from payment of transfer tax or other charges. The executor claims that no income is payable from the fund during the first year after probate·of the will.

It is not disputed that $10,000 has been set aside from the estate and invested as a trust fund under the ninth clause of the will, for the benefit of the petitioner, nor that this fund has earned some income.

It is undisputed also that the executor has paid to petitioner $560 in addition to paying a note of $50 made by the petitioner and indorsed by the deceased, and has also paid $136.80 transfer tax on the petitioner's legacy. The executor has filed an answer to the petition and asks a dismissal thereof, claiming that all the questions in this proceeding are involved in the proceeding for an accounting which was pending at the time of the commencement of this proceeding, and that other parties in interest are before the court in the accounting, and not parties to this proceeding.

[1] This proceeding is a statutory one for which provision is made by section 2722 of the Code of Civil Procedure, which section defines the duties of the surrogate in reference to such proceedings. By this section the surrogate is required to dismiss such a petition:

"Where it is not proved, to the satisfaction of the surrogate, that there is money or other personal property of the estate applicable to the payment or satisfaction of the petitioner's claim," etc.

[2] The determination of the question whether there is money applicable to the payment of the petitioner's· claim involves several subordinate questions:

(a) From what date is the income payable to Fletcher, viz., from the death of Day or one year from the probate of the will? Under the authority of Cooke v. Meeker, 36 N. Y. 15, 22, which holds that, when a sum is left in trust with a direction that the interest and income shall be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator's death, and Matter of Stanfield, 135 N. Y. 292, 31 N. E. 1013, and of Conklin v. Clark, 48 Misc. Rep. 432, 96 N. Y. Supp. 914, to the same effect, petitioner is entitled to the income from the death of Day.

[3] (b) Does income mean interest at the legal rate upon the fund, or such sum as the fund has earned, or should reasonably earn? Conklin v. Clark, 48 Misc. Rep. 432, 434, 96 N. Y. Supp. 914, is very similar to the case at bar. It was there held that the bequest of interest on $5,000 must be regarded simply as the annual income by way of interest on that sum, and, if the interest fell short of 6 per cent., the corpus of the estate would not be liable for the difference, citing Matter of Dewey, 153 N. Y. 63, 46 N. E. 1039. See, also, Matter of Murphy, 80 App. Div. 238, 80 N. Y. Supp 530. In view of these authorities, petitioner's right to income cannot exceed the amount received, or which should have been received from the fund.

[4] (c) Should the transfer tax on petitioner's share· or legacy be deducted from the income on the fund? This question seems to be settled by the doctrine of Whitson v. Whitson, 53 N. Y. 479. This

case holds that, where the gift is of interest or income, taxes on the fund and expense of the trust must be paid from the income. Where the gift is an annuity, the tax or expense must be paid from the estate, and the court says, at page 482:

"The testator directed his executors to make investments for the purpose of paying his legacies. He doubtless thought that the $10,000 could be invested at lawful interest, payable semi-annually, and this interest he directed so to be paid to his wife; that the fund invested would be subject to taxation was not probably thought of by him. Had it been, and had he designed that the taxes should not be paid from the interest, he would so have declared; not having done so, the law provides that they shall be paid from the income."

The opinion further states that it seems to be well settled in the American courts that as a general thing the bequest of the interest of a particular sum will not be construed the same as giving an annuity of the same amount, although payable annually, but it will be regarded simply as the gift of income or interest of that amount, citing Redf. Wills, pt. 2, 453. Following this decision, the executor should be credited with the payment of the transfer tax from the income received.

[5] (d) Should the petitioner's note of $50 paid by the executor be credited to him as so much income paid? The language of the provision creating the trust fund is that the income be "paid to or for the use and benefit of" the petitioner. The payment of the note seems to fall within the discretion given the executor and trustee, and this amount should be credited to the executor.

(e) What is the amount of income received against which these various sums are chargeable, and how much is shown to be left to be applicable to petitioner's legacy? To this question there is no definite answer in the testimony of this proceeding. Under the requirement of section 2722 of the Code, above quoted, this proceeding must be dismissed for lack of proof that there is money or other personal property of the estate applicable to the satisfaction of the petitioner's claim without prejudice to an accounting.

In the proceedings for an accounting instituted by the executor before the commencement of this proceeding, and to which all the persons in interest under the will are parties, these questions may be determined, and a full solution of the controverted questions may be there had.

The petition should be dismissed, with costs, to be paid out of the income of the trust fund.

Decreed accordingly.