Where a will directed that an investment be made and the income paid to the beneficiary named, and before the fund was set apart and invested the estate did not earn the full legal rate of interest, it was within the surrogate's discretion to allow the beneficiary such rate of interest, though below the legal rate, as he deemed proper, having reference to the total amount of income earned, and the appraised value of the estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1614–1628; Dec. Dig. § 684.*]

2. WILLS (§ 733*)—CONSTRUCTION—VESTING OF ESTATE.

Where the estate is sufficient to satisfy debts and other charges, and so invested as to produce an income from the date of testator's death, a bequest of income to a person for life or a shorter period vests him with title to such income from testator's death, unless a contrary intention must be inferred from some provision of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1819–1846; Dec. Dig. § 733.*]

3. WILLS (§ 734*)—CONSTRUCTION—INTENTION. '

Where a sum is left in trust, with directions that the interest and income be applied to the use of a person, such person is entitled to the interest thereof from the date of testator's death, though not entitled to demand payment until expiration of one year from issuance of letters testamentary; the rule that general legacies shall not bear interest until expiration of one year from the granting of letters testamentary not applying in such case.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1847–1872; Dec. Dig. § 734.*]

4. TRUSTS (§ 316*)—TESTAMENTARY TRUSTEE—RIGHT TO COMMISSION.

Where there had been no judicial settlement of a testamentary trustee's account of the income which had been allowed to accumulate and remain in his hands, the trustee's retention of his full 5 per cent. commission out of this income was unauthorized under Code Civ. Proc. § 2802, providing that a testamentary trustee shall render an annual account and have it settled, and that the surrogate shall allow him the same commissions as are allowed to executors or administrators by section 2730; a trustee being entitled to an allowance of merely one-half of the usual commission on the total income received, and the remaining one-half being allowable when he shall have used and applied the income.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 445–459; Dec. Dig. § 316.*]

5. WILLS (§ 684*)—TESTAMENTARY TRUSTS—EXPENSES—CHARGES AGAINST INCOME.

Testator devised a farm with the implements and stock thereon to his two grandchildren, with provision that the executor was to hold the same in trust until the youngest child became of age, and to rent the farm and collect the rents and, after paying all expenses, including commissions, apply the net income to the use of such grandchildren. The executor acting under a power of sale, sold a part of the farm and invested a large part of the proceeds in interest-bearing securities. *Held*, that expenditures, connected with the farm, including wages of a caretaker and charges for repairs, insurance, and taxes for two years during which the farm was wholly unproductive, were chargeable against the income.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1614–1628; Dec. Dig. § 684.*]

6. WILLS (§ 684*).—CONSTRUCTION—TESTAMENTARY TRUST—"INCOME."

Where testator devised a farm with the implements and stock thereon. in trust for his two grandchildren, with directions to the executor to apply the net income to the use of the grandchildren during the continuation of the trust, the proceeds of the sale of farm·produce, including the natural increase of the stock, constituted "income."

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1614–1628; Dec. Dig. § 684.*

For other definitions, see Words and Phrases, vol. 4, pp. 3501–3507; vol. 8, p. 7685.]

Judicial settlement of the account of the trustee under the will of William Alexander Smith, deceased. Decreed according to opinion.

See, also, 80 Misc. Rep. 140, 141 N. Y. Supp. 798; 85 Misc. Rep. 636, 149 N. Y. Supp. 24.

Emmet & Parish, of New York City, for trustee.

Lyman Ward, of New York City, for Dinah W. Smith and Robert William Hobert Smith.

Huntington, Rhinelander & Seymour, of New York City, for Clara Hunter Stewardson.

Frederick G. Grimme, of New York City, special guardian, and attorney in person, for William Alexander Smith, 3d, and Margaret Gurnee Smith.

McCAULEY, S. [1] The testator, by the fifth clause of his will, directs that securities representing a par value of $10,000 and $4,036.61 in cash shall be set aside and invested by the executor, as trustee, for the benefit of the testator's granddaughter, Margaret Gurnee Smith, during her minority, and the trustee is directed to collect and receive the income therefrom and, after payment of all proper expenses and commissions, to use and apply the net income for the benefit of the cestui que trust during her minority, and upon her arrival at full age to transfer and deliver to her the principal. By the sixth·clause of the will a precisely similar trust, in precisely similar language, is created for the benefit of the testator's grandson, William Alexander Smith, 3d, during his minority. The testator died May 31, 1911. His will was admitted to probate and letters testamentary thereon issued June 29, 1911.

[2, 3] The executor on the 28th day of September, 1911, set apart and transferred to himself, as trustee, under the fifth and sixth clauses of the will, respectively, the securities and cash therein referred to. To each of the cash payments interest was added at the rate of 4 per cent., from the date of the testator's death, the amount of interest in each case being $52.47. The special guardian for the infant beneficiaries, contesting the account, insists that the trustee should be charged with interest upon the amount transferred to him in cash at the legal rate, namely, 6 per cent. The objection is not in my opinion well taken. Manifestly it was the intention of the testator that the interest upon these respective trust funds should be applied toward the maintenance and education of the beneficiaries during their minority. Where the estate is sufficient for the liquidation

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of debts and other charges, and so invested as to be productive of income from the death of the testator, a bequest of income to, or for the use of, a person for life, or for a shorter period, must be construed to invest the beneficiary with title to such income from the date of the testator's demise, unless there is some provision in the will from which a contrary intention is to be inferred, and the executor or trustee must account to him for the interest from that date. Matter of Stanfield, 135 N. Y. 292, 31 N. E. 1013; Cooke v. Meeker, 36 N. Y. 15.

In the latter case the court says:

"The authorities would seem abundant, therefore, to sustain the doctrine, that when a sum is left in trust, with a direction that the interest and income should be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator's death."

See, also, Matter of Baker, 57 App. Div. 44, 68 N. Y. Supp. 44; Conklin v. Clark, 48 Misc. Rep. 432, 96 N. Y. Supp. 914. The rule that general legacies shall not bear interest until the expiration of one year from the granting of letters testamentary has no application in such a case. Matter of Stanfield, supra; Matter of McGowan, 124 N. Y. 526, 26 N. E. 1098.

The beneficiaries of the trusts, under the rule established by these cases, are entitled to all the income arising from the date of the testator's death, inasmuch as the will contains no provision from which a contrary intention can be inferred.

The beneficiaries were not entitled, however, as a matter of strict legal right, to demand payment of the income due them until the expiration of one year from the issuance of letters testamentary, but upon the expiration of that period they were entitled to demand and receive their shares of the net income which had previously accrued. Matter of Stanfield, supra.

Where a certain amount of an estate, consisting of personalty, is directed by the will to be invested by the executor, and the income to be paid over to beneficiaries named, and after the death of the testator and before the fund is particularly set apart and invested the estate does not earn the full legal rate of interest, it is within the discretion of the surrogate to allow the beneficiaries such rate of interest as he may deem proper, having reference to the total amount of income earned by the estate, and the appraised value of the estate. Matter of Stanfield, 64 Hun, 281, 18 N. Y. Supp. 913, and cases cited.

It is therefore within the province of this court to determine the rate of interest which shall be allowed from the date of the testator's death, upon that portion of the trust funds, consisting of cash, which on September 28, 1911, was set apart and invested for the benefit of the cestui que trust.

An examination of the account filed by the executor at the time its account as trustee was filed shows that many of the securities, in which the moneys and funds of the estate were invested at the time of and following the testator's death, bore a lower rate of interest than 6 per cent., and that the net income from the estate in all probability did not exceed 4 per cent. It has been held that 4 per cent. is a reasonable rate of interest which should be paid to a legatee, under a similar bequest in

a will, from the time of the decedent's death, even though the estate at that time, under special circumstances, was earning 8 per cent. Southgate v. Continental Trust Co., 74 App. Div. 150, 73 N. Y. Supp. 718, 77 N. Y. Supp. 687; Conklin v. Clark, supra. I am therefore of the opinion that under all the circumstances the rate of interest allowed, namely, 4 per cent., is a reasonable allowance, and that the objection should be overruled.

[4] The income which had accrued upon each of the two trust funds up to December 31, 1913, amounted to the sum of $1,225, as appears by Schedules E and K of the account. This income has not been accounted for and paid over to the cestui que trust, but has been allowed to accumulate and remain in the hands of the trustee. The trustee, as appears by Schedules F and L of the account, has retained out of this income for his commissions thereon, computed at the rate of 5 per cent., the sum of $122.50. There has been no judicial settlement of the trustee's account of the income, and the special guardian, therefore, insists that the retention of this amount for commissions was unauthorized.

The statute (Code Civ. Pro. § 2802) provides that a testamentary trustee may render an account each year and have it judicially settled, and that the surrogate, before whom the accounting is had, shall allow him, in addition to his reasonable expenses, the same compensation for his services, by way of commissions, as are allowed by law to executors or administrators. Code Civ. Pro. § 2730.

Where the accounting is of the income only, commissions are chargeable at the same rate as are allowed on the principal of the estate. Matter of Mason, 98 N. Y. 527. The income which the trustee is required by the will to receive and distribute amongst beneficiaries constitutes an altogether new fund, on which commissions will be separately allowed.

As a general rule, the amount of commissions on the income is a charge, not upon the principal of the estate, but upon the interest of the beneficiary; that is, a trustee holding a fund under a trust to pay the net income annually to a beneficiary may, on paying over the income and settling his account with the beneficiary, deduct and retain full commissions each year from the income received; and in such a case there is no occasion for an annual judicial settlement of his account.

The statute (section 2730, supra) allows a specific rate of compensation "for receiving and paying out all sums of money." While the law does not in terms apportion one-half to the receiving and the balance to the paying out of the moneys, yet the courts, from an early date, have given the language a liberal construction, and have accordingly held that executors, administrators, and trustees were entitled to one half of their commissions for the receipt of the moneys and funds of the estate, and to the other half for paying out the same. Matter of Willets, 112 N. Y. 289, 19 N. E. 690; McAlpine v. Potter, 126 N. Y. 285, 27 N. E. 475; Matter of Morgan, 15 Abb. N. C. 198; Matter of Roosevelt, 5 Redf. Sur. 601.

The objection must therefore be sustained; but the decree to be entered herein should provide for the allowance to the trustee of one-half the usual commissions upon the total amount of the income received, and for the allowance of the remaining one-half, when the trustee shall

have used and applied the income, in accordance with the provisions of the will.

[5] The farm known as "West Hill" was unoccupied and wholly unproductive for a period of about two years, and the trustee during that period expended for its care and preservation various sums, amounting to $3,047. These expenditures embraced the wages of a caretaker and charges for repairs, insurance, and taxes.

This farm, with farming implements and stock thereon, was devised to the testator's said two grandchildren, with this proviso, namely, that the executors are to hold the same in trust until the youngest of such children attains full age, and meanwhile the trustee is directed to rent the farm, collect the rental, and, after paying all charges for repairs, insurance, taxes, and other incidental expenses, including commissions, to use and apply the net income to the use and for the benefit of said children. To make effectual the final disposition of the farm, certain contingent remainders are created.

The executor, acting under the power of sale contained in the will, sold a portion of the farm for $17,000, and has invested the major portion of the proceeds in interest-bearing securities. The trustee has charged these expenditures against the principal of the trust out of which the payments were made, for want of income to meet them. No question is raised concerning the necessity and propriety of the payments; but certain of the contingent remaindermen object to the depletion of the principal and insist that these disbursements are solely chargeable against the income. I think the objection is well taken. By the very terms of the will the trustee is directed to pay these charges out of the gross income from the farm, and to use and apply the balance, that is to say, the net income, to and for the benefit of the cestui que trust.

The amount expended should, as it seems to me, be restored to the principal out of the future income of the farm and from the interest which may hereafter accrue from the investment of the principal of the trust, and the decree to be entered herein should contain suitable directions to that end.

[6] I think the special guardian is correct in his contention that the proceeds of the sale of the farm's produce, including the natural increase of the stock, should be treated as income.

A decree in accordance herewith may be settled and entered upon three days' notice.

Decreed accordingly.